# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

FRANK MUSSARA,

    *Plaintiff*,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    *Defendant*.

Civ. Action No. 17-4316 (JMV)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on a motion for reconsideration filed by Defendant, the Acting Commissioner of Social Security. D.E. 30. Plaintiff filed opposition. D.E. 32. Defendant moves the Court to reconsider its Opinion and Order. D.E. 27, 28. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendant's motion for reconsideration is **DENIED**.

**I. BACKGROUND**

    On June 14, 2017, Plaintiff filed his Complaint, D.E. 1, asserting that Defendant erred in finding Plaintiff not disabled under the Social Security Act. The Court reviewed the parties' briefs and the entire administrative record, D.E. 9, 15, 16, 24, and then held oral argument on March 19, 2018, D.E. 27.

    On appeal, Plaintiff argued that the Administrative Law Judge ("ALJ") erred by failing to address Plaintiff's post-hearing memorandum and objection to the vocational expert's ("VE")

testimony. D.E. 15 at 6-7 (citing Tr. at 308-15). Citing to HALLEX[1] § I-2-5-55, Plaintiff argued that the ALJ was duty bound to rule on Plaintiff's objections to the VE's testimony. *Id.* at 9. Plaintiff's objection centered on the argument that the Dictionary of Occupational Titles ("DOT") was terribly outdated and that more current and reliable information could be found in the United States Department of Labor's Occupational Information Network ("O*NET"). *Id.* at 11-17. Thus, in his post-hearing memorandum, Plaintiff claimed that the VE's reliance on the DOT resulted in an erroneous classification of jobs (unskilled as opposed to semi-skilled) that Plaintiff could purportedly perform. *Id.* at 13-14. Plaintiff concluded, therefore, that the ALJ erred in not analyzing Plaintiff's objections to the VE.

In opposition, Defendant first argued that the HALLEX section to which Plaintiff referred governed objections presented at a hearing, not after, and that an ALJ was not required to consider post-hearing submissions. D.E. 16 at 12. Defendant continued that the ALJ nevertheless did consider Plaintiff's post-hearing submission, adding that no authority requires an ALJ to resolve conflicts between a VE's testimony and O*NET. *Id.* at 13.

After hearing oral argument, the Court issued a verbal Opinion from the bench. D.E. 27. The written Order provided, in pertinent part, as follows:

> **ORDERED** that matter is **REVERSED and REMANDED** so that the Commissioner can consider the following:
>
> 1. Whether the United States Department of Labor's Occupational Information Network (O*NET) qualifies pursuant to 20 C.F.R. § 404.1566(d) as "reliable job information available from various governmental and other publications."; and
>
> 2. If the Commissioner determines that O*NET is reliable job information pursuant to Section 404.1566(d), whether the O*NET job information conflicts with other information that the

---

[1] HALLEX is short form for the Hearings, Appeals and Litigation Law Manual published by the Social Security Administration's Office of Disability Adjudication and Review.

> Commissioner take administrative notice of regarding job data (such as the Dictionary of Occupational Titles or testimony from vocational experts); and
>
> 3. If the Commissioner determines that a conflict exists, the Commissioner must resolve the conflict, to permit meaningful judicial review, as to Plaintiff's case; and it is further

D.E. 28 at 2 (footnote omitted). It is the foregoing language (the "O*NET Provision") that is the subject of the current motion.

## II. RECONSIDERATION STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Defendant has complied with this time requirement. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

## III. ANALYSIS

Defendant requests that the Court modify[2] the O*NET Provision to instead indicate that the matter is remanded to the ALJ "to further evaluate the vocational expert's testimony in light of Plaintiff's proffer of post-hearing information concerning the skill level of the jobs in the current economy." D.E. 30-1 at 6. In support, Defendant first asserts that the O*NET Provision "raises a number of unnecessary, academic complications." D.E. 30-1 at 4. Citing to *Shaibi v. Berryhill*, 883 F.3d 1102 (9th Cir. 2017), Defendant continues that SSR 00-04p is the only "publication that an ALJ independently assesses with respect to apparent conflicts, namely . . . (DOT) and its companion publication, the *Selected Characteristics of Occupations* (SCO)." *Id.* at 2. As a result, Defendant asserts, "even if O*NET were to qualify as a data source under 20 C.F.R. § 404.1566(d), it would not give rise to a legal duty by the ALJ to check for apparent conflicts against that data source" because such a duty only exists by virtue of SSR 00-04p, which only references DOT and SCO. *Id.* at 5 (footnote omitted). Separately, Defendant argues that the O*NET Provision is unclear. *Id.* Defendant indicates that it is unclear whether the ALJ should only consider a potential conflict in the context of the facts of this case or more generally. *Id.* at 5-6.

20 C.F.R. § 404.1566 is entitled "Work which exists in the national economy." Subsection (d), on which the Court relied in issuing its Opinion and Order, provides as follows:

> (d) Administrative notice of job data. When we determine that unskilled, sedentary, light, and medium jobs exist in the national economy (in significant numbers either in the region where you live or in several regions of the country), *we will take administrative notice of reliable job information available from various governmental and other publications. For example*, we will take notice of—

---

[2] Defendant also does not agree with the Court's decision to remand in the first instance but that is not the subject of the motion for reconsideration.

4

> (1) Dictionary of Occupational Titles, published by the Department of Labor;
> (2) County Business Patterns, published by the Bureau of the Census;
> (3) Census Reports, also published by the Bureau of the Census;
> (4) Occupational Analyses, prepared for the Social Security Administration by various State employment agencies; and
> (5) Occupational Outlook Handbook, published by the Bureau of Labor Statistics.

20 C.F.R. § 404.1566(d) (emphasis added).

SSR 00-04p provides that when there is a conflict between a vocational expert or specialist's testimony, on the one hand, and either the DOT or SCO, on the other, the ALJ must resolve the conflict. SSR 00-04p. The ruling continues as follows:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

*Id.* Critically, SSR 00-04p *requires* the ALJ to affirmatively ask the vocational expert if the expert's testimony conflicts with DOT information. *Id.* If the testimony appears to be in conflict, then the ALJ must "obtain a reasonable explanation" for the conflict and then explain how the ALJ resolved the conflict. *Id.*

As noted, Defendant's argument also relies on *Shaibi v. Berryhill*, 883 F.3d 1102, 1104 (9th Cir. 2017). In *Shaibi*, during the plaintiff's disability hearing, a vocational expert had testified as to three occupations that existed in substantial numbers. The plaintiff's counsel did not examine the expert, or raise an objection, as to this information. *Id.* After the ALJ found that Plaintiff was not disabled, the plaintiff raised on appeal for the first time that the ALJ erred in crediting the

5

expert's testimony as to the number of jobs. *Id.* at 1105. In support, the plaintiff argued that the testimony was undercut by the U.S. Census Bureau's County Business Patterns ("CBP"), the Bureau of Labor of Statistics Occupational Outlook Handbook ("OOH"), and common sense. *Id.*

The plaintiff argued that because § 404.1566(d) listed both CBP and OOH, the ALJ should have addressed the issue *sua sponte*. *Id.* at 1108. In rejecting the argument, the Ninth Circuit held as follows:

> [W]hen a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel. Specifically, our holding encompasses challenges based on an alleged conflict with alternative job numbers gleaned from the CBP or the OOH.

*Id.* at 1109 (footnote omitted). In support, the *Shaibi* court relied *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), *as amended* (June 22, 1999), for the proposition that represented claimants must raise all issues in administrative proceedings to preserve them for appeal because "administrative law judges are better positioned to weigh conflicting evidence than a reviewing court." *Shaibi*, 883 F.3d at 1109 (citing *Meanel*, 172 F.3d at 1115). The court in *Shaibi* continued that an ALJ is only required, pursuant to SSR 00-4p, to *sua sponte* resolve a conflict when it involves a vocational expert's testimony and the DOT. *Id.*

In light of the foregoing, the Court denies Defendant's motion for reconsideration. First, as the plain language of § 404.1566(d) states, the listed sources are merely examples; the list is not exhaustive or exclusive. As the language further indicates, if the governmental source provides reliable information, then the Social Security Administration will take administrative notice. For this reason, the Court ordered the first inquiry under the O*NET Provision, that is, to determine whether Department of Labor's O*NET qualified as "reliable job information available from various governmental . . . publications" under the regulation. The Court likewise disagrees with

6

Defendant's reliance on SSR 00-4p. As recognized by the *Shaibi* court, the ruling only addresses when an ALJ must address an issue *sua sponte* – the ruling in no way indicates that expert testimony and DOT conflicts are the only ones that ever need be resolved.

The Court recognizes that the *Shaibi* opinion is not binding precedent, but the Court finds that it nevertheless supports the Court's Opinion and Order. The Ninth Circuit ruled that a represented claimant needed to preserve a challenge to a vocational expert's testimony (other than that required *sua sponte* by SSR 00-4p) during the administrative proceeding, which is what Plaintiff did in this matter. Moreover, the *Shaibi* court did not say that such potential conflicts could then be ignored by the ALJ because they did not fit within the parameters of SSR 00-4p; to read the Ninth Circuit's decision in that manner would make its holding superfluous – raising an objection during the administrative record would be essentially meaningless. Finally, the Court agrees with the Ninth Circuit that the ALJ is in the best position to address the issue in the first instance. It is for that reason, that the Court remanded the matter.

Finally, as to Defendant's argument that the Order is unduly vague, the Court disagrees. The application of O*NET is precisely the issue raised by Plaintiff in his post-hearing submission. Although it seems to go without saying that the ALJ is going to rule on the information presented to it by Plaintiff (that is, Plaintiff's post-hearing brief), the Court nevertheless stated in its Order that "[i]f the Commissioner determines that a conflict exists, the Commissioner must resolve the conflict, to permit meaningful judicial review, *as to Plaintiff's case*[.]" D.E. 28 at 2.

### IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 3rnd day of January 2019,

7

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 30) is **DENIED**.

s/ John Michael Vazquez
John Michael Vazquez, U.S.D.J.